IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND                                                PLAINTIFF

v.                    CIVIL ACTION NO. 5:19-cv-62-DCB-MTP

CASABLANCA CONSTRUCTION, INC.,
ET AL                                                     DEFENDANTS

ORDER

This matter is before the Court on the Joint Motion to Consolidate Cases and Remand for Lack of Subject Matter Jurisdiction [ECF No. 6] filed by Defendants Casablanca Construction, Inc., the Estate of Thomas W. Saucier, Deceased, and Evelyne B. Saucier (collectively "the Defendants"). Having read the Motion, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

The Defendants request that the Court consolidate this action with a cause of action that is currently pending in the Circuit Court of Lamar County and to remand this action to state court because, upon consolidation, complete diversity will be destroyed. Defendants rely on Federal Rule of Civil Procedure 42(a)(2) to support their contention that the two cases should be consolidated. Rule 42(a)(2) states:

> "(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>>
>> (2) consolidate the actions; or
>>
>> (3) issue any other orders to avoid unnecessary cost or delay."

The Court may consolidate actions only if they are pending in the same district. In the event that overlapping cases are pending in different districts, the Court can transfer one or the other case so that they may be then consolidated. See 28 U.S.C. § 1404. The two actions at issue in this case cannot be consolidated because they are, not merely in different districts, but are in different jurisdictions.

This Court has no power to consolidate a federal action with a state court action, nor does it have power to transfer a federal or state court action into the other jurisdiction. As the Court in <u>Ornelas v. Erapmus, Inc.</u>, 1999 WL 222353, at *1 (N.D. Tex. Apr. 12 1999) found:

> "This Court has absolutely no jurisdiction to consolidate the case before it into a case pending in state court. Federal Rule of Civil Procedure 42(a) allows a district court to consolidate two actions both of which are pending before the court. Actions pending in different federal district courts may not be consolidated… [i]t follows that actions in state and federal court also cannot be consolidated because they are not both pending before the court."

Additionally, even were the Court able to consolidate the cases, a federal court cannot remand an action to state court if the action was originally filed in federal court. See, Eastern Sav. Bank, FSB v. Estate of Kirk ex rel. Kirk, 821 F.Supp.2d 543, (E.D.N.Y. Sept. 26, 2011)("[f]ederal district courts do not have the authority to remand an action originally commenced in federal court … to a state tribunal…")(quoting Schiffman v. Epstein, 2009 WL 1787760, at *5 (S.D.N.Y June 23, 2009)).

Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that, as there is no mechanism for this Court to consolidate this action with one currently pending in a state tribunal or remand an action originally filed in federal court, the Motion is DENIED.

SO ORDERED this the 13th day of March, 2020.

    __/s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE